■ The People of the State of New York, Respondent, v Gary L. Gunton, Appellant. [604 NYS2d 445] —Judgment unanimously affirmed. Memorandum: Defendant, a Native American, was indicted on two counts of criminal sale of a firearm in the second degree and one count of criminal possession of a defaced firearm, in connection with the sale of two handguns in the Town of Carrollton on the Seneca Nation Indian reservation. Defendant pleaded guilty to one count of criminal possession of a firearm in the second degree in full satisfaction of the indictment. Defendant now contends that New York State lacks subject matter jurisdiction to prosecute him for the foregoing offense.

We reject defendant's contention that 25 USC § 232, which confers jurisdiction upon New York State over criminal offenses occurring on Native American reservations, is invalid because it violates the Treaty of 1794 (7 US Stat 44). The validity as well as the constitutionality of 25 USC § 232 is well settled (see, People v Boots, 106 Misc 2d 522; Gunton v Cattaraugus County, 1993 WL 335604 [WD NY, Aug. 26, 1993, Elfvin, J.]; see also, United States v Cook, 922 F2d 1026, cert denied sub nom. Tarbell v United States, 500 US 941).

We have examined defendant's remaining arguments and

find them to be without merit. (Appeal from Judgment of Cattaraugus County Court, Nenno, J.—Criminal Possession Firearm, 2nd Degree.) Present—Callahan, J. P., Green, Balio, Fallon and Boehm, JJ.