■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD R. PRINTUP, JR., Appellant. [719 NYS2d 434] —Judg-

ment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Defendant, a Native American, contends that reversal is required based on County Court's failure to grant his challenge for cause to a prospective juror. Contrary to defendant's contention, that failure, even if error, would not require reversal because defendant exercised a peremptory challenge to excuse that juror and did not thereafter exhaust his peremptory challenges (*see,* CPL 270.20 [2]; *cf., People v Torpey,* 63 NY2d 361, 365, *rearg denied* 64 NY2d 885). Also, contrary to defendant's contention, defense counsel's failure to exhaust all of the available peremptory challenges does not constitute ineffective assistance of counsel (*see generally, People v Baldi,* 54 NY2d 137, 147). We reject defendant's further contention that, pursuant to 25 USC § 232, the People had to prove that he did not intend to possess the weapon for hunting purposes. Finally, the contention of defendant in his *pro se* supplemental brief that New York State lacks subject matter jurisdiction to prosecute him because he is a Native American and was arrested on a Native American reservation is both unpreserved for our review and without merit (*see, People v Gunton,* 198 AD2d 890, *lv denied* 82 NY2d 896). (Appeal from Judgment of Niagara County Court, Fricano, J.— Criminal Possession Weapon, 2nd Degree.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.